UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH GRANT; GRACE GRANT,

            Plaintiffs,

-against-

ADULT PROTECTIVE SERVICE; ELMHURST GENERAL HOSPITAL; DEPT. OF HEALTH AND MENTAL HYGIENE; ASPCA; NICOLETTA CAFFERI; EDMOND GRANT; MEARA CHU MARUF MIRZA; ELIZABETH BRANDLER; ERIN SOUTERWATE; JUDGE ZARA; STEPHANIE ZOO,

            Defendants.

22-CV-0891 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action on February 2, 2022. Along with her complaint, she filed a Request to Proceed *In Forma Pauperis* ("IFP status") (ECF 1), and an Application for the Court to Request Counsel, (ECF 4). The Court did not rule on these applications; instead, on February 4, 2022, the Court transferred this action to the United States District Court for the Eastern District of New York. On February 11, 2022, this Court received confirmation from the Eastern District of New York acknowledging receipt of the transferred case. On October 3, 2024, Plaintiff filed a "Motion to Reconsider and IFP Status," a document which appears to outline the reasons why she believes she qualifies for IFP status.

      The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to

receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995).

Here, the Court directed that this action be transferred to the Eastern District of New York on February 4, 2024, and the Eastern District of New York acknowledged its receipt on February 11, 2024. Plaintiff did not file this motion until October 3, 2024. Because Plaintiff filed the motion well after the action was received by the Eastern District of New York, this Court no longer has jurisdiction of the action. Any relief that Plaintiff seeks must be requested in the Eastern District of New York. The Court denies Plaintiff's request for reconsideration of the order transferring this action and cannot review the application for IFP status.

## CONCLUSION

The Court denies Plaintiff's Motion to Reconsider and IFP Status and directs the Clerk of Court to terminate the motion at ECF 6.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated:   June 17, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge